UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LORETTA CORRADO,

Plaintiff,

-against-

HILTON WORLDWIDE HOLDINGS, INC. and
HILTON ARUBA CARIBBEAN RESORT & CASINO,

Defendants.

---

Case No.

COMPLAINT

JURY TRIAL DEMANDED

The plaintiff, LORETTA CORRADO, by her attorney, Raymond P. Raiche, Esq., as and for her Complaint against the defendants, HILTON WORLDWIDE HOLDINGS, INC., and HILTON ARUBA CARIBBEAN RESORT & CASINO, pursuant to Federal and New York State law, respectfully alleges as follows:

1. At all times hereinafter mentioned, the plaintiff, LORETTA CORRADO, was and still is a resident of Dutchess County, State of New York.

2. Upon information and belief, defendant, HILTON WORLDWIDE HOLDINGS, INC., is a Delaware Corporation with offices for the conduct of business in New York that manages and franchises a broad portfolio of hotels and resorts, including, but not limited to, HILTON ARUBA CARIBBEAN RESORT & CASINO, located at J.E. Irausquin Boulevard 81, Palm Beach, Aruba (hereinafter "the Premises").

JURISDICTION AND VENUE

3. As plaintiff brings this action to enforce this action, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4. As plaintiff's state law claims arise from the same nucleus of operative facts as her federal claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. As the plaintiff is a resident of Dutchess County, State of New York, venue is proper in this Court.

FACTUAL AVERMENTS

6. On or about the 13th day of October, 2022, the plaintiff was lawfully upon the Premises described above, when she was caused to trip and fall on the ground while lawfully walking on the sidewalk near the Hotel's front entrance, due to the negligence of the defendants and the defective and/or dangerous condition caused or permitted by them to exist thereat, thereby sustaining personal injuries as hereinafter alleged.

7. The defendants had a duty as the owners and operators of the Premises to maintain and care for the walkways and/or sidewalks at and near the main entrance of the Premises and at all times to keep the same in good repair and in a safe condition, free form all obstructions and encumbrances, including, but not limited to, providing adequate design, installation and the maintenance of sufficient lighting and designing the sidewalks to be readily distinguishable from the adjacent curb leading to the driveway serving the Premises.

FIRST CAUSE OF ACTION

8. The negligence of the defendants consisted of, among other things:

a. the negligent design, maintenance and care of said premises;

b. in permitting a part of the defendant's premises as described above, to remain in a dangerous and/or defective condition and a hazard to the public;

c. in failing to warn members of the general public, and in particular the plaintiff, of the dangerous and defective condition of said premises;

d. in failing to correct said dangerous and unsafe condition;

e. in failing to maintain the aforesaid premises in a safe condition;

f. in failing to furnish a reasonably safe means of ingress and egress from the entrance of the Hotel to J.E. Irausquin Boulevard, a public thoroughfare in front of the Hotel;

g. in failing to abide by the rules and regulations pertaining to the construction and maintenance of public premises;

h. in permitting said sidewalk/walkway lighting to be improperly and dangerously insufficient and improperly maintained;

i. in negligently designing the sidewalk and adjacent curb leading to the driveway serving the premises from the public throughfare in front of the Hotel so that the sidewalk could be readily distinguished from the adjacent curb, particularly at night;

j. in failing to provide adequate warning devices, such as contrast color paint or reflective material to differentiate the edge of the sidewalk from the vehicular roadway in front of the Hotel which is at the lower elevator from the adjacent sidewalk; and

k. in failing to correct a dangerous and unsafe condition of which the defendants knew, or in the exercise of reasonable care, should have known and/or created.

9. The incident occurring at the aforesaid date and location, and the injuries sustained by the plaintiff as a result thereof, were caused solely by the negligence of the defendants.

10. As a result of the negligence of the defendants and the incident resulting therefrom, the plaintiff sustained severe, permanent and personal injuries, including, but not limited to, fractures of the head of the left humerus and the proximal end of the left humerus, as well as a fracture of the right elbow, pain and suffering, permanent impairments, mental anguish, emotional distress, unreimbursed medical expenses and loss of earnings, all to her damage in an amount to be determined by this Court, but believed to be not less than the sum of $500,000.00.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

(a) empanel a jury to hear and decide this matter;

(b) award to the plaintiff compensatory damages, including damages for past and future physical sickness, past and future physical pain and suffering, past and future emotional distress, and past and future economic loss;

(c) award to the plaintiff her reasonable attorney's fees and costs; and

(d) enter any other relief justified by the law and facts.

Dated: Beacon, New York
July 10, 2025

RAYMOND P. RAICHE, ESQ. (RR 1596)
THE RAICHE LAW FIRM
*Attorney for Plaintiff*
355 Main Street
Beacon, New York 12508
(845) 379-0220
*ray@raichelawfirm.com*